IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

DARRYL STEWART,

      Plaintiff,

vs.                                                                    No. CIV 12-0560 JB/KBM

DOCTOR WILLIAM SHANNON,

      Defendant.

**MEMORANDUM OPINION AND ORDER
DISMISSING COMPLAINT AND PROPOSING FILING RESTRICTIONS**

**THIS MATTER** comes before the Court, under 28 U.S.C. § 1915(e)(2) and rule 12(b)(6) of the Federal Rules of Civil Procedure, on Plaintiff Darryl Stewart's Civil Rights Complaint, filed May 23, 2012 (Doc. 1). Stewart is incarcerated, appears pro se, and is proceeding in forma pauperis. The Court will dismiss Stewart's complaint and propose filing restrictions.

The Court has the discretion to dismiss an in forma pauperis complaint sua sponte under §1915(e)(2) "at any time if . . . the action . . . is frivolous or malicious; [or] fails to state a claim on which relief may be granted." The Court also may dismiss a complaint sua sponte under rule 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991) (quoting McKinney v. Oklahoma, Dep't of Human Services, 925 F.2d 363, 365 (10th Cir. 1991)). A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). In reviewing Stewart's pro se Complaint, the Court applies the same legal standards

applicable to pleadings drafted by counsel but liberally construes the allegations. See Northington v. Jackson, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

The Complaint alleges that Doctor William Shannon denied Stewart necessary medical treatment, caused him bodily harm, and sexually assaulted him. These allegations are almost identical to those in two of Stewart's previous cases. See Stewart v. Shannon, No. CIV 11-0225 MCA/RHS (D.N.M.), and Stewart v. Shannon, No. CIV 11-0733 WJ/GBW (D.N.M.). Stewart also made some of the same allegations against Shannon in an even earlier cases. See Stewart v. Metro. Detention Cntr., No. CIV 09-1180 WJ/DJS (D.N.M.). Stewart voluntarily dismissed his complaints in cause No. CIV 09-1180 WJ/DJS (Doc. 15) and cause No. CIV 11-0225 MCA/RHS (Doc. 6). The Court dismissed his complaint in cause No. CV 11-0733 WJ/GBW. The Court notes that Stewart also has two pending consolidated actions that name Shannon. See Stewart v. Metropolitan Detention Center, No. CIV 11-0298 MCA/WPL, consolidated with No. CIV 11-0496 MCA/WPL. See Green v. Nottingham, 90 F.3d 415, 418 (10th Cir. 1996)("The court may take judicial notice of the prior litigation."); Duhart v. Carlson, 469 F.2d 471, 473 (10th Cir. 1972) (taking judicial notice of court's own records).

As a result of the previous dismissals of claims that are the same as those asserted in the Complaint, the doctrine of res judicata bars Stewart's current claims. See Stewart v. Shannon, No. CIV 11-0733 WJ/GBW (D.N.M.). Res judicata bars claims that were or could have been raised in an earlier action. Yapp v. Excel Corp., 186 F.3d 1222, 1226 (10th Cir. 1999); Clark v. Haas Group, Inc., 953 F.2d 1235, 1239 (10th Cir. 1992).

> Res judicata requires the satisfaction of four elements: (1) the prior suit must have ended with a judgment on the merits; (2) the parties must be identical or in privity; (3) the suit must be based on the same cause of action; and (4) the plaintiff must have had a full and fair opportunity to litigate the claim in the prior suit.

Nwosun v. General Mills Restaurants, Inc., 124 F.3d 1255, 1257 (10th Cir. 1997). Stewart's complaints in cause Nos. CIV 11-0225 MCA/RHS and CIV 11-0733 WJ/GBW named the same party and asserted the same cause of action. Though Stewart voluntarily dismissed No. CIV 11-0225 MCA/RHS, the Court dismissed No. CIV 11-0733 WJ/GBW on the merits. Furthermore, as the Court noted previously, Stewart had a full and fair opportunity to litigate those claims. See No. CIV 11-0733 WJ/GBW, Memorandum and Opinion Order of Dismissal, filed September 9, 2011 (Doc. 6)("Because 'Plaintiff 'previously dismissed . . . [an] action based on or including [one of] the same claim[s],' . . . dismissal 'operates as an adjudication on the merits.'")(quoting Fed. R. Civ. P. 41(a)(1)(B)). The Complaint in this case therefore satisfies each of the elements in Nwosun v. General Mills Restaurants, Inc., and the Court will dismiss the Complaint.

The Court has previously denied Stewart leave to proceed in forma pauperis under the "three strikes" provisions of 28 U.S.C. § 1915(g). Furthermore, because Stewart's filings have become repetitive and abusive, the Court will propose filing restrictions against him. "Federal courts have the inherent power under 28 U.S.C. § 1651(a) to regulate activities of abusive litigants by imposing carefully tailored restrictions if circumstances warrant." Keyter v. 535 Members of the 110th Cong., 277 F. App'x 825, 827 (10th Cir. 2008) (citing Winslow v. Hunter, 17 F.3d 314, 315 (10th Cir. 1994)). The Court will not enter a final order of dismissal until it resolves objections to the proposed filing restrictions or, if Stewart files no objections, the time for objecting has passed. See Tripati v. Beaman, 878 F.2d 351, 353-54 (10th Cir. 1989).

**IT IS ORDERED** that Stewart's Complaint is dismissed with prejudice; and Plaintiff Darryl Stewart is hereby notified of the following proposed filing restrictions: Stewart will be enjoined from making further filings in this case except objections to this order and a notice of appeal from a final order, and the Clerk will be directed to return without filing any submissions in this case

other than objections and a notice of appeal; Stewart will also be enjoined from initiating further actions in this Court related to the subject matter of this complaint or asserting claims against Defendant Doctor William Shannon unless a licensed attorney admitted to practice in this Court signs the initial pleading or unless Stewart first obtains permission to proceed pro se; to obtain permission to proceed pro se, Stewart must take the following steps:

1. File a petition requesting leave to file a complaint or to proceed pro se;

2. Include in or with the petition the following:

   A. A list of all lawsuits currently pending or filed previously with the Court, including the name, number, and citation, if applicable, of each case, and the current status or disposition of the case;

   B. A list of all outstanding injunctions or orders limiting Stewart's access to federal court, including orders and injunctions requiring him to seek leave to file matters pro se or requiring him to be represented by an attorney, including the name, number, and citation, if applicable, of all such orders or injunctions; and

   C. A notarized affidavit, in proper legal form, which recites the claims Stewart seeks to present, including a short discussion of the legal basis asserted therefor. The affidavit also must certify that, to the best of Stewart's knowledge, the claims being raised are not frivolous or made in bad faith, but are warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law; that the complaint is not interposed for any improper purpose such as delay or to needlessly increase the cost of litigation; and that he will comply with all federal and local rules of this

court.

See Tripati v. Beaman, 878 F.2d 351, 353-354 (10th Cir. 1989)(holding that a district court can place filing restrictions on plaintiffs, but the plaintiff is "entitled to notice and an opportunity to oppose the court's order before [they are] instituted."). The Court will direct the Clerk to return to Stewart without filing a proposed initiating pleading described above that counsel has not signed or any petition that does not contain the items listed in paragraphs 1, 2 (A), (B), (C) hereinabove. If the petition or proposed pleading is not returned, the Clerk will open a case and forward Stewart's filings to the assigned Judge to review and determine whether to permit Stewart to proceed on his proposed pro se complaint. The Court may summarily dismiss a petition and proposed pleading that Stewart submits if any of the required information is missing, in an improper form, untimely, or insufficient under paragraph (2)(c)) above. The Court also may scrutinize, sua sponte under 28 U.S.C. §§ 1915(e)(2), 1915A, and rule 12(b)(6) of the Federal Rules of Civil Procedure, a proposed pleading described above.

**Within fourteen (14) days from entry of this order, Stewart may file written objections to these proposed filing restrictions; the restrictions will take effect only upon further order of the Court**.

                                                                             _____
                                                                             UNITED STATES DISTRICT JUDGE

*Parties:*

Darryl Stewart
Penitentiary of New Mexico
Santa Fe, New Mexico

       *Plaintiff pro se*