IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

DARRYL STEWART,

    Plaintiff,

vs.                                                                                    No. CIV 12-0560 JB/KBM

DOCTOR WILLIAM SHANNON,

    Defendant.

**MEMORANDUM OPINION AND ORDER
IMPOSING FILING RESTRICTIONS**

**THIS MATTER** comes before the Court on Plaintiffs [sic] Respond [sic] to Answered [sic] Judge Order on the Memorandum Opinion and Order Dismissing Complaint and Proposing Filing Restrictions, filed October 25, 2012 (Doc. 12)("Response").  Plaintiff Darryl Stewart's Response fails to show cause why the Court should not impose filing restrictions.  The Court will enter the proposed restrictions and dismiss this action.

By order entered on September 24, 2012, the Court dismissed Stewart's Civil Rights Complaint pursuant to 42 U.S.C. § 1983, filed May 23, 2012 (Doc. 1)("Complaint"), and proposed entering limited filing restrictions.  See Memorandum Opinion and Order, filed September 24, 2012 (Doc. 8).  The Court noted that Stewart has previously sued Defendant Doctor William Shannon and ruled that the doctrine of res judicata bars the claims in his Complaint.  Also, the Court has previously denied Stewart leave to proceed in forma pauperis under the "three strikes" provisions of 28 U.S.C. § 1915(g), and Stewart's filings have become repetitive and abusive.  In his response, Stewart makes allegations against a number of Defendants in addition to the original Defendant Dr. Shannon.  The response makes no assertion that the additional allegations arise from events that

occurred after the Court adjudicated Stewart's prior complaints or that the Court erred in its res judicata analysis. Stewart has thus failed to make any showing why the Court should not impose proposed filing restrictions.

Because Stewart's Response also purports to assert claims against a number of newly named Defendants, the Court construes the Response, in part, as a motion under rule 60(b)(6) of the Federal Rules of Civil Procedure for relief from judgment. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam)("A document filed pro se is 'to be liberally construed.'")(quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)); Van Deelen v. Johnson, 497 F.3d 1151, 1153 n.1 (10th Cir. 2007). "[A] district court may grant a Rule 60(b)(6) motion only in extraordinary circumstances and only when necessary to accomplish justice." Cashner v. Freedom Stores, Inc., 98 F.3d 572, 579 (10th Cir. 1996). "However, it is an abuse of discretion to grant relief where no basis for that relief exists." Cashner v. Freedom Stores, Inc., 98 F.3d at 580. Here, the Response makes no allegations that could not have been raised in Stewart's previous pleadings. And second, a review of Stewart's earlier complaints indicates that he has previously brought his purported new claims against most of the newly named Defendants. Stewart's rule 60(b)(6) motion presents no "extraordinary circumstances," Cashner v. Freedom Stores, Inc., 98 F.3d at 580, and the Court will deny the motion.

**IT IS ORDERED** that (i) Plaintiffs [sic] Respond [sic] to Answered [sic] Judge Order on the Memorandum Opinion and Order Dismissing Complaint and Proposing Filing Restrictions, filed October 25, 2012 ( Doc. 12), construed in part as a motion under rule 60(b)(6) of the Federal Rules of Civil Procedure for relief from judgment, is denied; (ii) the proposed filing restrictions in the Memorandum Opinion and Order, filed September 24, 2012 (Doc. 8), are hereby adopted by the Court and are effective upon entry of this Order; (iii) the Clerk is directed to return without filing

any further documents, except a notice of appeal, submitted for filing in this case; and (iv) judgment will be entered dismissing this action.

_____
UNITED STATES DISTRICT JUDGE

*Parties:*

Darryl Stewart
Penitentiary of New Mexico
Santa Fe, New Mexico

    *Plaintiff pro se*